IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50740
Summary Calendar
_____


GRACE FRAUSTO PINEDA, in her own behalf and
as parent and next friend of Margarita Jamie
Frausto; JAMIE FRAUSTO; MARIA FRAUSTO; MARY E.
WHITING; HEATHER STAFFORD; DESIREE OSBORNE,

                                        Plaintiffs-Appellants,

versus

GREGORY W. BLAGG; UNITED STATES OF AMERICA,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-96-CV-478
--------------------

September 9, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Plaintiffs appeal from the district court's grant of summary judgment in favor of the United States. They argue that the regulations at issue are mandatory and thus fall under the second paradigm of United States v. Gaubert, 499 U.S. 315, 324 (1991). However, because the regulations give discretion to a soldier's commanding officer in deciding whether to impose pretrial restraint or confinement, they fall under the third Gaubert

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

paradigm, and the discretionary-function exception applies. Because the application of this exception involves a question of law, the factual issues raised by the appellants have no bearing on this determination. See Buchanan v. United States, 915 F.2d 969, 970 (5th Cir. 1990). Further, because the application of the exception revokes the Federal Tort Claim Act's waiver of sovereign immunity, the appellants' argument that Texas law imposes a duty in this situation is also unavailing. The district court thus did not err in granting the Government's motion for summary judgment.

The Government has also filed a motion to correct the record in which it seeks to add certain factual matters into the record. Because the resolution of this case turns on a purely legal issue, these factual matters have no bearing on the disposition of this case. Thus, the district court's grant of summary judgment to the Government is AFFIRMED, and the Government's motion to correct the record is DENIED.